UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Walker, Jr.,                             Case No. 3:24-cv-1633

         Plaintiff,

v.                                                             ORDER

Brinker International Payroll
Company, L.P., et al.,

         Defendants.

        This case has been stayed pending arbitration since December 2, 2024. (*See* Dec. 2, 2024 non-document Order). Pursuant to my April 3, 2025 Order, the parties are required to "submit a joint status report every ninety (90) days until the conclusion of the arbitration proceedings." (Doc. No. 8).

        While counsel timely filed the first two reports, (Doc. Nos. 9 & 10), they failed to file the report due by December 29, 2025. My chambers notified counsel that the report was overdue on January 8, 2026, and was assured by counsel that it would be filed no later than January 23, 2026. Despite this, the report still was not filed by January 23, 2026, and counsel did not seek a further extension of the deadline or notify my chambers of any reason for the second missed deadline. As such, on February 4, 2026, I set a telephone conference to be held on February 20, 2026.

        Three days before the conference was set to be held, counsel finally filed the long overdue joint status report. (Doc. No. 14). In this report, the parties notified me of their efforts to resolve the matter, which were unsuccessful and resulted in a lengthy extension of the arbitration case scheduling order. For example, at the time of the parties' September 30, 2025 report, the arbitration

hearing was set to begin on May 11, 2026. (Doc. No. 10 (incorporating Doc. No. 9 at 2)). But now, the arbitration hearing will not begin until August 11, 2026. (Doc. No. 14-1 at 3).

At this juncture, it appears the initial arbitration decision will not be issued until October 2026, at the earliest, (*id.* at 3) – more than two years after this case was filed in this Court. (*See* Doc. No. 1). And, realistically, the arbitration proceedings (including any possible appeal) may not conclude until well after October 2026. There has been no suggestion that this Court will have any further involvement in the potentially lengthy arbitration proceedings prior to their eventual conclusion.

Because there is no justification for maintaining this case on the Court's active docket, and because counsel has failed to timely submit quarterly status reports without further action by the Court, I conclude it is appropriate maintain the stay of this case but administratively close it. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("District courts can, of course, adopt practices to minimize any administrative burden caused by the stays that § 3 requires."). As such, this case is removed from this Court's active docket and subject to re-opening upon written motion of either party. *See, e.g., Hill v. Checkr, Inc.*, No. 4:24cv1628, 2025 WL 2391441, at *7 (N.D. Ohio Aug. 15, 2025).

Within thirty (30) days of the conclusion of the arbitration proceedings, counsel shall file either a joint motion to re-open or a stipulation of dismissal. Failure to do so will result in dismissal of the case.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2